OPINION
{¶ 1} Appellant, Jonathan M. Bowens, appeals from the June 17, 2005 judgment entry of the Ashtabula County Court of Common Pleas, in which he was sentenced for trafficking in cocaine and assault on a peace officer.
 {¶ 2} On September 3, 2004, appellant was indicted by the Ashtabula County Grand Jury on three counts: count one, aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01; count two, trafficking in cocaine, a felony of the fourth degree, in violation of R.C. 2925.03; and count three, assault on a peace officer, a felony of the fourth degree, in violation of R.C. 2903.13. Appellant entered a plea of not guilty at his arraignment on September 10, 2004.
 {¶ 3} On January 28, 2005, appellant withdrew his former not guilty plea, and entered written and oral guilty pleas to counts two and three. Count one was dismissed pursuant to the plea agreement.
 {¶ 4} A sentencing hearing was held on June 16, 2005. Pursuant to its June 17, 2005 judgment entry, the trial court sentenced appellant to twelve months on count two, and twelve months on count three, to be served consecutively to each other and concurrently with a previously imposed sentence in Case No. 2005-CR-032. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 5} "The trial court erred when sentencing [appellant] to consecutive sentences."
 {¶ 6} In sentencing appellant, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignment of error is with merit.
 {¶ 7} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, at paragraph three of the syllabus, the Supreme Court held that R.C.2929.14(E)(4) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 8} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(E)(4). After severance, judicial factfinding is not required before imposing consecutive sentences. Foster at paragraph four of the syllabus.
 {¶ 9} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 10} Appellant's sole assignment of error is with merit.
 {¶ 11} The sentence imposed by the Ashtabula County Court of Common Pleas is vacated. This case is reversed and remanded for resentencing for proceedings consistent with this opinion pursuant to Foster.
Grendell, J., O'Toole, J., concur.